# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ANDRA GARRETT,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | **Case No. 2:08-CV-1298-RDP** |
| } | |
| **KWIK CHEK SUPERMARKETS,** } | |
| **INC.,** } | |
| } | |
| **Defendant.** } | |

## MEMORANDUM OPINION

The court has before it Plaintiff's Motion to Remand (Doc. # 5), filed July 30, 2008. The motion has been fully briefed (Docs. # 1, 5, 8), and is now properly under submission for decision. The court finds that the requisite jurisdictional amount in controversy is not evident in the removal papers and that this case was improvidently removed. Thus, the court will grant Plaintiff's motion and remand this case back to the Circuit Court of Jefferson County, Alabama.

**I.    Procedural History.**

On July 19, 2008, Plaintiff Andra Garrett filed her Complaint in the Circuit Court of Jefferson County, Alabama asserting two claims against Defendant Kwik Chek Supermarkets, Inc., Count One alleging negligence and Count Two alleging wantonness. (Doc. # 1). The allegations in Plaintiff's Complaint relate to an incident during which Plaintiff allegedly suffered certain injuries at one of Defendant's stores. Plaintiff's Complaint does not specify the amount of damages she seeks from Defendant.

On July 22, 2008, Defendant removed this case to this court pursuant to 28 U.S.C. § 1332, 1441, and 1446. (Doc. #1). Defendant's removal was based upon diversity jurisdiction. In its Notice of Removal and its Response to Plaintiff's Motion to Remand, Defendant argues that, although Plaintiff made no specific demand for damages in the Complaint, it can nonetheless satisfy its burden of establishing the requisite jurisdictional amount by reference to verdicts in other similar cases or by limited post-removal discovery.

## II.     Legal Analysis.

In *Lowery v. Alabama Power Co.*, 483 F.3d 1184 (11th Cir. 2007), the Eleventh Circuit set forth in detail the procedures for evaluating whether the requisite jurisdictional amount in controversy has been established in a removal based upon diversity of citizenship. The Eleventh Circuit clarified not only that the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence, but also that a determination of the propriety of removal is to be evaluated *on the basis of the removing documents. Lowery*, 483 F.3d at 1208-9, 1213-14. Where the amount in controversy is not apparent on the removing documents, "the proper course is remand." *Id.*, at 1218. "In assessing whether removal was proper ... the district court has before it *only* the limited universe of evidence available when the motion to remand is filed, *i.e.* the notice of removal and accompanying documents." *Id.*, at 1213-14 (emphasis added).

Defendant urges the court to look to jury verdicts in other similar cases to evaluate whether the jurisdictional amount in this case is greater than $75,000. However, the law set forth in *Lowery* does not allow this court to do so. "The existence of jurisdiction should not be divined by looking to the stars." *Id.*, at 1215. Defendant further urges this court to allow it to conduct limited discovery for purposes of establishing that the requisite jurisdictional amount is in controversy. Again, under

2

the law set forth in *Lowery*, this would be inappropriate.  A request for post-removal discovery for the purposes of establishing the jurisdictional amount in a diversity case is "tantamount to an admission that the defendants do not have a factual basis for believing that jurisdiction exists." *Id.*, at 1216-18.  As the Eleventh Circuit directed:

> The court should not reserve ruling on a motion to remand in order to allow the defendant to discover the potential factual basis of jurisdiction. Such fishing expeditions would clog the federal judicial machinery, frustrating the limited nature of federal jurisdiction by encouraging defendants to remove, at best, prematurely, and at worst, in cases in which they will never be able to establish jurisdiction.

*Id.*, at 1217.  Because the jurisdictional amount in controversy in this case is not apparent on the removing documents, "the proper course is remand." *Id.*, at 1218.

### III.  Conclusion

For the reasons outlined above, the court finds that Plaintiff's motion to remand is due to be granted.  Defendant has not carried its burden of establishing by a preponderance of the evidence that the requite jurisdictional amount is at issue.   By separate order, the court will remand this case to the Circuit Court of Jefferson County, Alabama.

**DONE** and **ORDERED** this      11th       day of August, 2008.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE

3